PER CURIAM.
The wife appeals from a final judgment of dissolution complaining of numerous errors. We affirm on all issues except for the trial court’s denial of alimony, which we reverse.
The parties married in 1977 and at the time of the final hearing the wife was 56 and the husband was 69 years of age. Despite the husband’s age, since 1985 the husband had worked as a publicity director and was on a monthly retainer with two corporations with a gross monthly income of $5,400 exclusive of his social security. Since the beginning of the marriage, the wife was involved with her own interior decorating business which had over the years been only marginally profitable and was not utilized as a means of support for the parties. Part of the income generated from the interior decorating business was through referrals from her husband’s business which had ceased at the time of the parties’ separation. The wife was without any monthly income at the time of the final hearing except for the temporary alimony award. Although there was evidence that the wife possessed the potential ability to earn an income in interior design, there was no evidence that she presently had the ability to generate income for her support.
Under these facts, we find the refusal of the trial court to award the wife rehabilitative alimony constituted an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The primary purpose for awarding rehabilitative alimony is to “establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.” Canakaris, 382 So.2d at 1202. On remand the trial court is directed to determine an appropriate award.
GLICKSTEIN, STONE and PARIENTE, JJ., concur.

ON APPELLANT’S MOTION FOR REHEARING AND REVIEW

PER CURIAM.
We have been asked to consider whether the trial court should be directed to award rehabilitative alimony retroactive to the date of final judgment, November 24, 1993, to rehear the issue as to future social security liability to the wife, and to correct this court’s failure to equally apportion frequent flyer, hotel and car rental points earned during the marriage as stipulated by the parties in their joint pretrial statement.
The wife in this ease was without any monthly income after the entry of the final *972 judgment. The husband has enjoyed a free ride from any obligation to her for almost two years, notwithstanding her need for rehabilitative alimony. In fashioning its award for same on remand, the trial court should consider the foregoing facts along with all other relevant facts.
We decline to rehear the issue as to future assessment of social security benefits, however, we direct that the wife is to be responsible for one-half of benefits received until the date of the parties’ separation, but not beyond.
Finally, we direct the trial court, on remand, to divide equally the husband’s frequent flyer, hotel and car rental points as stipulated by the parties in their joint pretrial statement.
GLICKSTEIN and PARIENTE, JJ„ concur.
STONE, J., dissents with opinion.